UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MANUEL C. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-646 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| REPUBLIC PLASTICS, LTD., ) | |
| d/b/a REPUBLIC PLASTICS, L.P., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of the District Judge. Now before the Court is a Notice of Bankruptcy and Request for Stay [Doc. 6] filed by Defendant. Plaintiff has responded in opposition. [Doc. 7].

Plaintiff filed a petition for Chapter 7 bankruptcy on March 22, 2013. Defendant states that it believes the bankruptcy trustee is currently evaluating whether he will pursue the instant lawsuit as a claim of the estate. Defendant does not cite the Court to any specific provision of the United States Code in support of the request for stay.

Defendant appears to be requesting a stay in the instant action based upon the automatic stay provided for in 11 U.S.C. § 362. The Court recognizes that the automatic stay provided for in 11 U.S.C. § 362 could delay disposition of portions of this case, *e.g.* dispositive motions. Nonetheless, it appears to the undersigned that this matter is not stayed in its entirety by § 362. Section 362 provides that "a petition filed under [the Bankruptcy Code] operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or

employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against the debtor* that arose before the commencement of the case under [the Bankruptcy Code]." 11 U.S.C. § 362(a) (emphasis added).

In this case, the debtor is the Plaintiff and a plain reading of § 362 would indicate that the Plaintiff is not stayed from proceeding with his actions to collect against others. See, e.g., Assasepa v. J.P. Morgan Chase Bank, 2012 WL 88162 (S.D. Ohio Jan. 11, 2012). This reading is especially true in this case where there is no counterclaim against the Plaintiff and where dispositive motions have not yet been filed.

Finally, the Defendant states that it is requesting a stay to allow determination by the trustee. If the trustee of the Plaintiff's bankruptcy estate seeks a stay or knows of a basis for a stay, the trustee may move for such stay by his own motion.

Accordingly, based upon the foregoing, the Request for Stay **[Doc. 6]** is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

ENTER:

      s/ H. Bruce Guyton
United States Magistrate Judge